UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TABITHA LULO,                                                :

                      Plaintiff,                          :

   -  against -                                        :

OTG MANAGEMENT, INC., & JOHN DOES 1        :
THROUGH 10,
                  Defendants,                      :
------------------------------------------------------------------------X

**COMPLAINT & JURY
DEMAND**

Case No. _____

By and through her counsel, Jimmy M. Santos, Esq., of the LAW OFFICES OF JIMMY

M. SANTOS, PLLC, Plaintiff, Ms. Tabitha Lulo, hereby avers against Defendants:

## I.   THE PARTIES, JURISDICTION & VENUE

1.      Plaintiff Tabitha Lulo ("Plaintiff" or "Ms. Lulo") is a thirty-five (35) year old

female.  She resides at 26 Jacobs Road, Thiells, Rockland County, NY 10984.

2.      At all relevant times, Defendant OTG MANAGEMENT, INC. ("OTG") was

Plaintiff's employer.  OTG's corporate headquarters is located at 352 Park Avenue South, 10th

Floor, New York, NY 10010.

3.      At all relevant times, upon information and belief, OTG was a domestic

corporation created under the laws of the State of New York, and/or the United States.

4.      At all relevant times, OTG was in the business of owning and operating

restaurants, bars, and eateries in airports nationwide. OTG's website states: "[w]ith more than

300 in-terminal dining and retail locations in 11 airports, our 4,000+ crew members serve

millions of guests each year in dynamic settings across North America." At all relevant times, OTG had twenty (20) or more employees and continues to employ over twenty (20) employees.

5.      At all relevant times, upon information and belief, Defendants JOHN DOES 1 through 10 (the "Individual Defendants" whose identities are unknown at this time) directly participated in the disparate treatment against the Plaintiff due to Ms. Lulo's gender/ sex (female) and status as being pregnant and pregnancy-related disability in violation of the New York Executive Law §§ 290, *et seq.*, i.e., the NYS Human Rights Law (the "NYSHRL"), and the NYC Administrative Code §§ 8-102, *et seq.*, (or the "NYC Human Rights Law" or "NYCHRL").

6.      At all relevant times, OTG was Plaintiff's employer under the meaning of that term as found under 29 USC §§ 2611, *et seq.*, (The "Family and Medical Leave Act" or the "FMLA") since OTG is "engaged in commerce or in any industry or activity affecting commerce [and] employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year".

7.      At the relevant times, at the time that Ms. Lulo requested FMLA leave from OTG, her pregnancy and pregnancy-related disability constituted "serious health condition[s]" under the FMLA.

8.      At all relevant times, the Individual Defendants made decisions or played a role in the decisions to adversely affect the terms and conditions of Ms. Lulo's employment with OTG due:

(a)      in whole or substantial part, to her sex/ gender (female);

(b)      in whole or substantial part, to her pregnancy status;

(c)      in whole or substantial part, to her pregnancy-related disability, i.e., having *post partum* depression; *and*

(d)      her taking FMLA leave due to her pregnancy and pregnancy-related disability.

9.      At all relevant times, with respect to Ms. Lulo's claims against OTG under the FMLA, this Court has subject matter jurisdiction under 29 USC § 2601, *et seq*, and 42 USC §§ 1331 and/or 1343.

10.      The jurisdiction of this Court over plaintiffs' claims under the NYSHRL and NYCHRL is invoked pursuant to 28 USC § 1367(a) since plaintiffs' federal, New York State, and New York City claims all "stem from the same nucleus of operative facts."

11.      At all relevant times herein, defendants' unlawful discriminatory and retaliatory conduct which is alleged herein occurred in the State of New York, and specifically in New York County.  Venue lies within this judicial district.


## II.  FACTUAL AVERMENTS

**CLAIMS FOR DISPARATE TREATMENT DUE TO PLAINTIFF'S SEX/ GENDER (FEMALE), PREGNANCY STATUS & PREGNANCY RELATED DISABILITY & FOR TAKING FMLA LEAVE.**


12.      In or about March 2015, OTG hired Ms. Lulo to serve in the position of Senior Cash Auditor with an approximate starting annual salary of $68,000.00.

13.      At all relevant times, Ms. Lulo's work performance was highly satisfactory and she was well qualified for her position. As evidence of this, OTG increased her salary two (2) times and, at the time she was terminated, Ms. Lulo's annual salary was approximately $76,000.00.

14.      Beginning on July 6, 2017, Ms. Lulo took FMLA/ maternity leave and was expected to return on September 28, 2017.

15.     However, due to Ms. Lulo experiencing *post-partum* depression, of which all Defendants were fully aware, she requested additional leave from work up to October 23, 2017, as reasonable accommodation for her *post-partum* depression.

16.     Three (3) weeks thereafter, OTG terminated her employment on November 13, 2017, based on the pretext that budget cuts were necessary.

17.     In September 2017, similarly to OTG's disparate treatment of Ms. Lulo due to her pregnancy and for taking FMLA leave, OTG terminated another employee who had become pregnant and who also required to take time off from work.

18.     Thereafter, in comparison to the Individual Defendants' superior treatment of non-pregnant, non-disabled similarly-situated employees and other co-workers (and who did not take FMLA leave) of Ms. Lulo, Defendants subjected Ms. Lulo to disparate treatment, including but not limited to her being discharged from OTM's employment.

19.     Soon after Defendants terminated Ms. Lulo, Defendants replaced Ms. Lulo with another employee who assumed Ms. Lulo's prior duties but who had not previously taken FMLA leave, who wasn't pregnant nor was this employee disabled.

20.     Recently, as further evidence that Defendants' reasons for terminating Ms. Lulo were mere pretext, OTG was/ and/or is looking to hire someone for a same or similar position Ms. Lulo had at OTG, for which position Plaintiff applied.

21.     In retaliation for the complaint she made (via her counsel) to OTG shortly after she was terminated in which she expressed her belief that her termination was due to her pregnancy, her pregnancy-related disability, and for her taking FMLA leave, Defendants did not hire nor even call Ms. Lulo for an interview although she is more than sufficiently qualified for the position for which she applied.

22.     As a result of Defendants' discrimination against the Plaintiff on the basis of her sex/ gender (female), pregnancy status, her pregnancy-related disability, i.e. Ms. Lulo's suffering *post partum* depression, and for her exercise of her rights under the FMLA, Plaintiff has and will likely continue to suffer significant economic consequences, including lost back and front wages, as well as significant physical sickness and emotional distress.

23.     Defendants' actions were done with reckless disregard as to Plaintiff's civil rights, with malice, were intentional and wanton and must be punished and deterred.

24.     Defendants' disparate treatment and termination of Ms. Lulo's employment due to her sex/ gender (female), pregnancy status, pregnancy-related disability, and for exercising her rights under the FMLA were intentional and in violation of the NYSHRL, the NYCHRL, and the FMLA.

## PLAINTIFF'S 1ST CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR UNLAWFUL TERMINATION BASED ON HER PREGNANCY AND PREGNANCY-RELATED DISABILITY IN VIOLATION OF THE NYCHRL.

25.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs "1" through "24" above.

26.     As described in more detail above, all defendants subjected Ms. Lulo to unlawful termination of her employment at OTG based on her pregnancy/ gender status and pregnancy-related disability in violation of the NYC Admin. Code § 8-107.

## PLAINTIFF'S 2nd CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR UNLAWFUL TERMINATION BASED ON HER PREGNANCY AND PREGNANCY-RELATED DISABILITY IN VIOLATION OF THE NYSHRL.

27.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs "1" through "26" above.

28.     As described in more detail above, all defendants subjected Ms. Lulo to unlawful termination of her employment at OTG based on her pregnancy/ gender status and pregnancy-related disability in violation of the NYS Human Rights Law.

**PLAINTIFF'S 3rd CAUSES OF ACTION AGAINST DEFENDANT OTG FOR UNLAWFUL RETALIATION AGAINST PLAINTIFF FOR EXERCISING HER FMLA RIGHTS IN VIOLATION OF THE FMLA.**

29.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs "1" through "28" above.

30.     As described in more detail above, by terminating Ms. Lulo for her taking FMLA leave due to her pregnancy and pregnancy-related disability, defendant OTG retaliated and discriminated against Plaintiff in violation of 29 USC § 2615.

**PLAINTIFF'S 4th CAUSES OF ACTION AGAINST DEFENDANT OTG FOR THEIR UNLAWFUL RETALIATION AGAINST PLAINTIFF BY FAILING TO REHIRE HER FOR HER EXERCISE OF HER FMLA RIGHTS IN VIOLATION OF THE FMLA.**

31.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs "1" through "30" above.

32.     As described in more detail above, by failing to hire Ms. Lulo because she complained (shortly after she was terminated via her counsel) to OTG management that she believed she was terminated due her taking FMLA, Defendants retaliated against Plaintiff in violation of 29 USC § 2615.

**PLAINTIFF'S 5TH CAUSES OF ACTION AGAINST ALL DEFENDANTS FOR THEIR FAILING TO REHIRE HER FOR HER COMPLAINING ABOUT UNLAWFUL <u>DISCRIMINATION.</u>**

33.     Plaintiff hereby repeats and re-alleges each allegation contained in paragraphs "1" through "32" above.

34.     As described in more detail above, by failing to hire Ms. Lulo because she complained (shortly after she was terminated via her counsel) to OTG management that she believed she was terminated due to her pregnancy and her pregnancy-related disability, Defendants retaliated against Plaintiff in violation of the NYS Human Rights Law and NYC Admin. Code § 8-107.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff asks that the Court empanel a jury of her peers and award a judgment as follows:

(a)     an award of damages for damages for all back and front wages owed Plaintiff due to defendants' termination of her employment based, in whole or in substantial part, on Plaintiff's pregnancy/ gender status, pregnancy-related disability, and exercise of her FMLA rights in violation of the NYCHRL, NYSHRL and FMLA and in an amount to be determined at trial in this action;

(b)      an award of full compensatory damages to Plaintiff against all defendants, including payment to Plaintiff for her suffering severe physical and mental distress and injury, mental anguish, humiliation, and embarrassment from defendants' unlawful discriminatory acts,

in an amount to be determined at trial, under the NYCHRL, the NYSHRL, and the FMLA;

      (c)    an award of punitive damages to Plaintiff against all defendants for their unlawful discriminatory acts against plaintiff as alleged herein in violation of the NYCHRL, and in an amount to be determined at trial;

      (d)    an award of punitive and/or liquidated damages to Plaintiff against defendant OTG for its unlawful discriminatory acts against plaintiff as alleged herein in violation of the FMLA, and in an amount to be determined at trial;

      (e)    an award to Plaintiff of her reasonable attorney's fees and the costs of this action under the NYCHRL and FMLA; *and*

      (f)    any such other and further relief as this Court may deem just and proper.

Dated: Cornwall, New York
      April 26, 2019

Respectfully Submitted,

*Jimmy M. Santos*

Jimmy M. Santos, Esq. (JS-0947)
LAW OFFICES OF JIMMY M. SANTOS, PLLC
28 Wilson Place
Cornwall, New York 12518
Phone: (845) 537-7820
Fax:    (845) 595-2266
*Attorney for Plaintiff Tabitha Lulo*

8